212 So.2d 666 (1968)
Melvin NISSINOFF and Hyla Carr, Individually and As Co-Partners Doing Business As Gulf Follies Theatre and "Lorna", As a Movie Film, Appellants,
v.
Carl H. HARPER, As County Solicitor of Escambia County, Florida, Appellee.
No. J-33.
District Court of Appeal of Florida. First District.
July 11, 1968.
Rehearing Denied August 14, 1968.
*667 Alan H. Rosenbloum of Levin, Askew, Warfield, Levin & Graff, Pensacola, for appellants.
Earl Faircloth, Atty. Gen., T.T. Turnbull, Halley B. Lewis, Asst. Attys. Gen., for appellee.
CARROLL, DONALD K., Judge.
The defendants in an action for declaratory relief have appealed from a final decree entered by the Court of Record for Escambia County, declaring that the motion picture film "Lorna" is lewd and obscene, and ordering the film's destruction.
The sole question before us for determination is whether the said film is lewd and obscene within the provisions of Section 847.011, Florida Statutes, F.S.A.
That section provides in pertinent part:
"A person who knowingly * * * shows * * * or offers to * * * show * * * any obscene, lewd, lascivious, filthy, indecent, immoral, sadistic, or masochistic * * * motion picture film- * * * is guilty of a misdemeanor * * *."
The judicially-accepted definition of "obscenity" is that which the United States Supreme Court adopted in Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), holding that obscene material is "material which deals with sex in a manner appealing to the prurient interest." Subsequent decisions of that court clarified that definition, until the court in A Book Named "John Cleland's Memoirs of a Woman of Pleasure" v. Attorney General of Commonwealth of Massachusetts, 383 U.S. 413, 86 S.Ct. 975, *668 16 L.Ed.2d 1 (1966), gave the following definition as thus clarified:
"We defined obscenity in Roth in the following terms: `(W)hether to the average person, applying contemporary community standards, the dominant theme of the material taken as a whole appeals to prurient interest.' 354 U.S. at 489, 77 S.Ct. at 1311, 1 L.Ed.2d at 1509. Under this definition, as elaborated in subsequent cases, three elements must coalesce: It must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."
In its findings in the final decree appealed from herein the Court of Record very carefully tracked the elements of obscenity as set forth in the just-quoted opinion, saying:
"* * * and thereafter the cause came on for final hearing; and after the Court and witnesses viewed the movie film entitled `Lorna', testimony was taken and counsel argued the cause; and upon the evidence presented the Court finds that said movie film is lewd and obscene within the prohibition of Section 847.011 Florida Statutes 1965 in that the dominant theme of the film appeals to prurient interest in sex, and the film is patently offensive because it affronts contemporary community standards relating to representation of sexual matters, and the film is utterly without redeeming social value."
Like the judge who made the quoted finding, the members of this court have witnessed a showing of the film "Lorna" and are of the opinion that this film falls squarely within the above definitions of obscene materials, as held in the final decree. Our function in this appeal, however, as we conceive it, is not to make our own judgment as to whether the film is obscene, but only to determine whether the evidence in the record supports the finding of obscenity and to see that such finding accords with the applicable law. We approve the finding on both counts. The judge of the Court of Record was, under our law, the trier of the facts, and we have no authority to substitute our judgment for his on questions of fact, even if we wished to. Observation of this rule is particularly important here, because the test of obscenity depends upon community standards, and the judge and other citizens of the community are better equipped to know those standards than appellate judges living far away.
Along with the judge, 18 citizens of Escambia County saw the film and testified as to their reactions to it. Some of them testified that the film aroused, or appealed to, their prurient interest, and violated community standards.
While the film in question begins and ends on a moral note, a cleric exhorting the viewers to avoid following the example of Lorna, everything between such exhortations is nothing but a story of lust, infidelity, rape, adultery, and violence. During a fight between her husband and her lover, an escaped convict, Lorna dies violently when she falls upon the blade of an axe. While the film is well produced, with brilliant sound effects and musical background having a strong impact upon the viewer, that impact seems largely directed at appealing to the viewer's prurient interest. We can see no social value in such a film.
The complaint in this cause alleges that the film "Lorna" is lewd and obscene, under Section 847.011, Florida Statutes, F.S.A., without alleging also that the film falls under the ban of Section 847.011 as "lascivious, filthy, indecent, immoral, sadistic, or masochistic." If the film "Lorna" is lewd or obscene, as it has been judicially shown to be, that film we think, is, a fortiori, *669 lascivious, filthy, indecent, and immoral, if not also sadistic. Strictly speaking, however, we are here confined to the issue whether the film is lewd or obscene.
For the foregoing reasons the final judgment appealed from herein should be and it is
Affirmed.
WIGGINTON, C.J., and JOHNSON, J., concur.