Robert G. MISKE, d/b/a Lee Mac's Variety Store, Plaintiff,

v.

Joseph SPICOLA, in his capacity as States Attorney for the 13th Judicial Circuit of Florida, in and for Hillsborough County, State of Florida, et al., Defendants.

No. 69–366–Civ. T.

United States District Court,
M. D. Florida,
Tampa Division.

Dec. 9, 1969.

Edwin P. Krassner, Pinellas Park, Fla., Robert Eugene Smith, Towson, Md., for plaintiff.

Gerald H. Bee, Asst. City Atty., Wm. Reece Smith, Jr., City Atty., Tampa, Fla., for J. G. Littleton.

Michael O'Brien, Resident County Atty., Tampa, Fla., for Joseph Spicola.

Shackleford, Farrior, Stallings & Evans and James E. Thompson, Fowler, White, Gillen, Humkey & Kinney, P. A., Tampa, Fla., for Malcolm Beard.

E. J. Salcines, County Solicitor, Thirteenth Judicial Circuit, Hillsboro, Tampa, Fla.

## ORDER

LIEB, Chief Judge.

This cause came on for consideration upon the filing of a Complaint by the Plaintiff, along with a Motion for Preliminary Injunction.

The Court finds that on or about October 15, 1968, law enforcement officers of the City of Tampa entered the business premises of the Plaintiff at 6743 N. Armenia Avenue, Tampa, Florida, and purchased a magazine titled "Modern Girls", Number 11, listing as publishers SVEA Press AB, Stockholm, Sweden, and a second publication titled "Daughters of De Sade", Collector's Edition, Volume Two, listed as publishers Roma Publications, Rome, Italy. Subsequently, on October 21, 1967, law enforcement authorities obtained a search warrant in the Juvenile and Domestic Relations Court in and for Hillsborough County, Florida, based on the two aforesaid publications in an *ex parte* hearing and on that same day executed the search warrant and seized approximately 1,059 publications and approximately 158 films. On November 22, 1968, the plaintiff was charged in a four count criminal information with selling obscene magazines in the Criminal Court of Record of the County of Hillsborough, State of Florida, designated as Case No. 69104. The first count of the information related to the magazine "Modern Girls", Number 11, purchased on October 15, 1968. The three remaining counts related to publications titled "Playgirl", Volume 1, Number 1, "Coquette", Volume 1, Number 20, and "French Wildcat", Volume 2, Number 8, which were seized on October 21, 1968.

On November 22, 1968, in another four count information, in Case No. 69103, Plaintiff was charged with having in his possession on October 21, 1968, with intent to sell, certain allegedly obscene publications. The first count related to a publication titled "Modern Girls", Number 11, presumably seized on October 21, 1968, and a second count relating to "Daughters of De Sade", Collector's Edition, Volume Two, which does not appear to have been seized on October 21, 1968. The two remaining counts relate to publications titled "Snap", Volume 7, Number 4, and "Tailgate", Volume 1, Number 1, apparently seized on October 21, 1968.

On April 11, 1969, law enforcement officers entered the aforesaid business premises of Plaintiff and purchased "New Horizons", Volume 1, Number 8, published by the House of Price, Northridge, California, and "Dynamic Films", Volume Three, No. 2, published by Pendulum Publishers, Inc., Los Angeles, California. Subsequently, law enforcement officers obtained a search warrant in the Juvenile and Domestic Relations Court in and for Hillsborough County, Florida, based on the aforesaid publications in an *ex parte* hearing and pursuant to such warrant, on April 22, 1969, seized magazines, films, checks, business records and other materials listed in a 17 page inventory attached to the Complaint as Exhibit 5.

Apparently the Plaintiff has not yet been prosecuted for the sale or posession of the materials seized or purchased in April, 1969.

On July 30, 1969, law enforcement officers obtained a search warrant in an *ex parte* hearing in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, showing the Court a sample of materials previously purchased from Plaintiff. On that

same date, law enforcement officers seized magazines, paperback books, phonograph records, a cash register tape, an electric and a water bill, a metal box with $10.00 therein, a money bag, and money from the cash register in the total amount of $98.12. The titles of the seized magazines, paperback books and records, numbering approximately 1,111, were not listed. Plaintiff has alleged that law enforcement officers also seized approximately 12,000 copies of materials in the possession of one Wilmer Roberts, a St. Petersburg truck driver, when he arrived at the store of the Plaintiff, without a search warrant and without a prior adversary judicial hearing. Plaintiff further alleges that as a result of the July 30, 1969, raid, the Plaintiff has been indicted by the Hillsborough County Grand Jury on eleven separate counts for violations of the Florida obscenity laws.

The Court holds that the seizures, either with or without a warrant, are constitutionally invalid for lack of a prior *adversary* determination of the obscenity of the materials upon which the seizures were based. Delta Book Distributors, Inc. v. Cronovich, 304 F.Supp. 662, E.D. La., N.O.Div; Marcus v. Property Search Warrants, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127; A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809. This holding requires the return of the seized materials. This Court has no reason to question that the defendant law enforcement officers and prosecuting attorneys will, *in good faith*, abide by the rulings herein as to future seizures. By so doing, it will be unnecessary to issue any injunctions. However, this Court retains jurisdiction for the purpose of hereafter entering any orders necessary to enforce the holdings of this Court. By holding that the Constitution requires an adversary hearing to determine obscenity, this Court does

not imply that it must be a fully matured action, but rather that such a matter could be determined on an application for a preliminary injunction in an appropriate State court, after notice to the adverse party and an opportunity for him to be heard. Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969). In addition, a civil action for declaratory relief and to have such materials destroyed could be utilized. Nissinoff v. Harper, 212 So.2d 666 (1st D.C.A.Fla.1968). See also, "Obscenity—A Compromise Proposal", 30 Mont.L.Rev. 123. It is therefore

Ordered and decreed:

1. That all seized materials be returned, instanter, to those from whom they were seized. This holding does not extend to those counts of the informations relating to materials which were purchased.

2. That the Motion for Preliminary Injunction be, and it is hereby, denied. This Court is not enjoining the prosecution of the plaintiff in the State court. Tyrone, Inc. v. Wilkinson, 410 F.2d 639 (4th Cir. 1969); Delta Book Distributors, Inc. v. Cronovich, supra.

> "This, of course, does not mean that courts, either Federal or State, desire to protect obscenity. It does mean that the Supreme Court has decided that lest the non-obscene and the constitutionally protected be suppressed it is better that some judicial officer * * preferably a State judicial officer— first after hearing competent evidence judicially determine that the challenged matter is obscene before its seizure."

Carter v. Gautier, 305 F.Supp. 1098 (M.D.Ga., Sept. 15, 1969)

3. That jurisdiction be retained for the issuance of such further orders as may be necessary and proper.